961 F.2d 220
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Edwin C. KUBLER, Jr. and Betty Kubler, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 90-9019.
 United States Court of Appeals, Tenth Circuit.
 April 24, 1992.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Edwin C. Kubler, Jr. and Betty C. Kubler (taxpayers) appeal the decision of the United States Tax Court entered August 1, 1990, finding a deficiency in their income tax due for the tax year 1982. The deficiency was based on disallowance of deductions that taxpayers claimed as I.R.C. § 174 research and development expenditures. These expenditures were made for purchase and development of components of variable opacity glass (VOG) devices. In Brock v. Commissioner, 58 T.C.M. (CCH) 826 (1989), nine cases consolidated for trial in which the primary issue was whether taxpayers similarly situated to the Kublers were entitled to deductions for expenditures on the VOG program and an essentially identical program, the AMR (automatic meter reader), the Tax Court upheld the Commissioner's disallowance. It was after the Brock decision in the Tax Court that taxpayers entered a stipulated judgment in their own case as follows:
 
 
 3
 Pursuant to agreement of the parties in this case, it is
 
 
 4
 ORDERED AND DECIDED: That there is a deficiency in income tax due from the petitioners for the taxable year 1982 in the amount of $85,306.05;
 
 
 5
 That none of the deficiency in income tax due from the petitioners for the taxable year 1982 is a substantial underpayment attributable to a tax motivated transaction for purposes of computing the interest payable with respect to such amount, pursuant to I.R.C. § 6621(c), formerly I.R.C. § 6621(d); and
 
 
 6
 That there are no attorney's fees or other costs pursuant to I.R.C. § 7430 due to the petitioners in connection with this case.
 
 
 7
 Decision, Aug. 1, 1990.
 
 
 8
 The Commissioner urges us to dismiss the appeal because, he argues, by stipulating to the entry of the decision in the Tax Court taxpayers waived their right to appeal. See Swift & Co. v. United States, 276 U.S. 311, 316-17, 324 (1928). Taxpayers argue that they did not concede the substantive issues; they only stipulated because of the need for procedural adjustments because taxpayers' situation on penalties was different from other taxpayers whose cases were combined in Brock, and because of required adjustments for off-record settlements. Taxpayers assert that the issues to be decided were the issues in Brock, and it would have been inappropriate to ask the Tax Court to retry a case on the same facts seven months later.
 
 
 9
 We have considerable sympathy for the taxpayers' position. But the Tax Court decision, quoted above, has the appearance of a compromise judgment, particularly because the Internal Revenue Service had been seeking interest additions to the deficiency under I.R.C. § 6621(c), and the stipulated judgment denied that interest claim. Further, we have reviewed the Tax Court record and taxpayers' appendix, which together constitute the entire appellate record; it is devoid of any indication of a preservation of appeal rights or issues. Thus, we conclude that the appeal must be dismissed.
 
 
 10
 Even if we had jurisdiction to determine the appeal we would deny relief. The facts of the method of investment, use of the funds and manner taxpayers took deductions are apparently exactly the same as for the taxpayers involved in Brock. Taxpayers' brief admits they are "investors similarly situated" to those in Brock. Appellants' Opening Brief at 5. They also reference the appeal of Daniel B. and Enid C. Nickeson and Norman E. and Nancy J. Kuhl, from the Brock decision, and they ask for oral argument "jointly" with that appeal. Id. at 5, 15.
 
 
 11
 Although the Nickeson case involved the AMR program and the instant appeal involves the VOG program, the Tax Court opinion in Brock dealt in detail with each program and found the two programs were devised and marketed in the same manner, involved the same legal principles, and required the same conclusions. In an opinion of this court entered today we affirmed the Tax Court decision denying relief to the Nickesons and the Kuhls. See Nickeson v. Commissioner, --- F.2d ----, No. 90-9007 (10th Cir. April 24, 1992). Nickeson would control the disposition of the instant case if we were able to reach the merits.
 
 
 12
 DISMISSED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3